Martin, P. J.
(dissenting). The statute here involved is clear and explicit. Its meaning may not be enlarged or extended by resort to rules of interpretation or construction. The statute in unmistakable language prohibits the sale of alcoholic beverages on credit by licensees such as petitioners. Through the years since the repeal of prohibition numerous attempts have been made to amend the statute so as to enable establishments such as those maintained by the petitioners to sell'liquor on credit. The Legislature has consistently refused to extend the exemption to such establishments. The courts through interpretation or construction may not grant that which the Legislature has specifically denied.
Repeatedly it has been held that, where the proof establishes the violations, the extent or measure of the penalty is to be determined by the administrative body exclusively and, however harsh, is not subject to judicial review.
The fact that others are violating the law in no way excuses petitioners. Such evidence offered in support of a plea in mitigation would be immaterial.
*647 It is improbable that the petitioners were unaware of the efforts to have the law changed so as to enable them to sell liquor on credit and in all the circumstances there is nothing to indicate a mistake on their part.
I dissent and vote to confirm in all respects.
Glennon and Peck, JJ., concur in Per Curiam opinion; Callahan, J., concurs in decision with separate opinion; Martin, P. J., dissents in opinion and votes to confirm determination; Dore, J., dissents and votes to confirm determination, without opinion.
Determination annulled, without costs, and proceeding remitted to the State Liquor Authority for further action in accordance with Per Curiam opinion. Settle order on notice. [See post, p. 951.]